UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID ROOKSBERRY, | ) |
|    PLAINTIFF, | ) ) ) |
|    vs. | ) Cause No. 2:21-CV-114 ) |
| PELHAM SPECIALTY TRAINING, INC. and TIM S. ABRAM, | ) ) ) |
|    DEFENDANTS | ) ) |

## AMENDED COMPLAINT

Plaintiff, David Rooksberry ("Rooksberry"), brings claims against Defendants, Pelham Specialty Training, Inc. ("Pelham") and Tim S. Abram ("Abram")(collectively "Defendants") as follows:

## OVERVIEW

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), The Indiana Wage Payment Statute ("IWPS"), I.C. §22-2-5-1 et. seq., and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IMWL"). Defendant violated the FLSA by failing to pay Rooksberry minimum and overtime wages required by federal and state law. Rooksberry pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative. Rooksberry also alleges Defendants breached its contract with him and failed to pay him wages promised to him to their financial benefit.

## PARTIES

2. Rooksberry is an individual who, at all relevant times, worked in or near Bloomington or Bloomfield, Indiana. He was employed by Defendants within the meaning of

1

the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Rooksberry was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, Rooksberry was an employee as defined by I.C. §22-2-2-3.

3. Pelham is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). Alternatively, Rooksberry's work regularly involved commerce between states. Moreover, Pelham is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint. Pelham's business is located in Bloomfield, Indiana.

4. At all times hereinafter, Pelham has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1).

5. Abram is the owner of Pelham. In this capacity Abram is involved in the day-to-day operations of Pelham. Abram has the authority to make decisions regarding wage and hour issues and establishes Pelham's pay practices. At all relevant times, Abram has responsibility to act on behalf of, and in the interest of, Pelham in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Rooksberry. As a result, Abram is an "employer" within the meaning of 29 U.S.C. § 203(d).

## JURISDICTION

6. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Rooksberrys's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

7. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C.

§1391 as all the events arose in the contours of the Southern District of Indiana.

## FACTS

8. Rooksberry was hired by Defendants in or about late September 2018. Rooksberry was the Paramedic Lead Instructor and Director of Operations.

9. Defendants told Rooksberry he would be paid $20 per hour for all work performed. Defendants never fulfilled this promise to Rooksberry. Moreover, Defendants failed to pay Rooksberry any wages from his start date until approximately June or July 2019.

10. Defendants did not have a time clock for employees to punch in or out, and, additionally, Defendants took no measures to require employees to record all hours they worked.

11. From roughly October to December 2018, Rooksberry worked, on average, 30-40 hours per week.

12. From roughly January 2019 through March 2019, Rooksberry provided 40 hours of training per week in Terre Haute and drove approximately 1 hour and 15 minutes each way to provide this training, five days per week.

13. From roughly March 2019 through June or July 2019, Rooksberry's work hours varied based upon whether he was obligated to provide instruction to both paramedics and EMT trainees. During this period, it was not uncommon for Rooksberry to work 7 days per week, and he consistently worked either 50-55 hours per week unless he was providing EMT instruction. When he did, his hours would increase to as many as 80 hours per week.

14. Rooksberry learned for the first time that he was not being paid $20 per hour after all when he received his first pay check in or about July 2019.

15. For the balance of 2019, Rooksberry was paid $600 per week.

16. On January 1, 2020, the minimum salary an employer had to pay its employee on a salaried-basis to claim exempt status for purposes of determining its obligation to pay overtime wages increased to $684 per week.

17. Rooksberry did not make at least $684 per week during the entirety of 2020. However, Rooksberry consistently provided paramedic training for 8 hours per day, spent an additional hour per day completing paperwork, and more often than not had his lunch periods interrupted by obligatory business meetings.

18. Throughout 2020 Rooksberry continued to assist with providing EMT training.

19. Throughout 2020 Rooksberry occasionally taught HazMat Operations and Mass Casualty Incident Training on Sundays in addition to his typical work schedule.

20. For a 10-week period during the late winter or early spring 2020, and in response to the pandemic, Rooksberry provided online instruction that caused his hours to balloon to over 60 hours per week.

21. Thereafter, Defendants experimented with an online instruction format. For a period of 8 weeks, Rooksberry provided 42.5 hours of online instruction for the week in addition to other duties (e.g. occasional EMT training, Sunday training, and/or completing paperwork). Rooksberry would also be on call for after hour issues involving trainees.

22. Rooksberry resigned his employment on or about December 21, 2020. Despite working for three weeks in December, Defendants only paid Rooksberry for 2 of the weeks he worked in December.

23. Defendants acknowledged that it owed Rooksberry unpaid wages and promised to continue paying him wages for a period of time after his separation. Defendants have failed to fulfill this promise.

24. Rooksberry has suffered financial harm as a result of Defendant' conduct.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25  Rooksberry incorporates paragraphs 1 – 24 herein.

26. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the minimum and overtime wage requirements of the FLSA.

27. Rooksberry was not paid at least time and one-half his regular rate or half time for hours he worked in excess of forty (40) hours per week during some or all of his employment that began in or about September 2018.

28. Rooksberry was harmed by Defendants' unlawful willful and/or reckless conduct. Moreover, Defendants' conduct intentionally or recklessly violated the mandates of the FLSA.

### COUNT II: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

29. Rooksberry incorporates paragraphs 1 – 28 herein.

30. Rooksberry pleads his Indiana minimum wage law claims in the alternative.

31. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Rooksberry at least minimum wage and/or one and one-half times his regular rate of pay for all hours he worked in excess of 40 per week.

32. Defendants' conduct is willful, reckless, or indifferent to Rooksberry's rights. Rooksberry has been harmed as a result.

### COUNT III: VIOLATIONS OF THE INDIANA WAGE PAYMENT STATUTE

33. Rooksberry incorporates paragraphs 1 – 32 herein.

34. Defendants failed to pay the hourly rate it offered Rooksberry as it promised to do or to otherwise pay him wages for all work that he performed.

35. Defendants violated the IWPS and withheld such payments to Rooksberry without a good faith or reasonable basis.

36. Rooksberry suffered harm as a result of Defendants' conduct.

## COUNT IV:  BREACH OF CONTRACT

37   Rooksberry incorporates paragraphs 1 – 36 herein.

38. Defendants contracted with Rooksberry to pay him at least $20 hours per hour for all hours he worked.

39. Rooksberry fulfilled all of his duties under his contract with Defendants.

40. Defendants breached their/his contract with Rooksberry.

41. Defendant benefitted financially as a result of its/their actions and to the detriment of Rooksberry.

42. Defendants were unjustly enriched as a result of their misconduct.

43. Rooksberry suffered harm as a result of Defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a. An Order pursuant to Section 16(b) of the FLSA and/or the Indiana Minimum Wage Law finding Defendants liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An order awarding Rooksberry all wages to which he is entitled under the Indiana Wage Claim Statute;

     c.     An order awarding Plaintiff unpaid wages and any applicable penalties under Federal and/or Indiana law;

     d.     An Order awarding Plaintiff the costs of this action;

     e.     An Order awarding Plaintiff his attorney's fees;

     f.     A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA and/or Indiana law by failing to comply with the minimum and overtime wage requirements of the FLSA and Indiana law; and

     g.     An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this September 25, 2020, by operation of the Court's Electronic Filing System, and properly addressed to the following counsel of record for Defendant:

James St. Stephenson
Rosemary L. Borek
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com
rborek@stephlaw.com

Tyler Peters
PAYNE & JONES, CHTD.
tpeters@paynejones.com

/s/  Christopher S. Wolcott